This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42919**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ISAIAH JOSEPH REA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Maria A. Pomorski, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Defendant appeals from his conviction, following a jury trial, for second-degree murder. We issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to assert the district court erred by instructing the jury as to first-degree murder because the State presented insufficient evidence to support that charge. [MIO 7] Defendant also continues to assert

that the jury's decision to acquit on the highest level of homicide instructed but convict on a lesser-included offense "would have carried over if the jury had been instructed only on second-degree murder and voluntary manslaughter," such that the jury "likely would have acquitted him of second-degree murder and convicted him of voluntary manslaughter." [MIO 8-9]

**{3}** As stated in our proposed disposition, however, the test for sufficiency of the evidence is whether evidence exists *to support a verdict of guilty*, *see State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056, and given that Defendant was acquitted of first-degree murder, there is no guilty verdict for this Court to review. [CN 2] Moreover, also as set forth in the proposed disposition, Defendant's assertion regarding the jury's strategy and lesser included offenses is purely speculative and provides no basis for reversal. [CN 3] *See generally State v. Veleta*, 2023-NMSC-024, ¶¶ 32-33, 538 P.3d 51 ("To examine the verdict of acquittal would require us to rule based on pure speculation or else would require an inquiry into the jury's deliberations, both of which we decline to undertake.").

**{4}** Defendant also asserts that the district court erred by failing to instruct the jury on imperfect self-defense and that the jury instructions therefore failed to provide a correct rendition of the relevant law. [MIO 9, 15] Given defense counsel's failure to raise the issue in the district court, we review for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134; *State v. Sivils*, 2023-NMCA-080, ¶¶ 10-11, 538 P.3d 126 (setting forth fundamental analysis relevant to jury instructions, which first considers whether a jury would have been confused or misdirected, and whether the instructions failed to provide the jury with an accurate rendition of the relevant law).

**{5}** Here, the jury was instructed on self-defense, second-degree murder, and voluntary manslaughter. [MIO 13; RP 111, 113, 117] *See State v. Wilson*, 1994-NMSC-009, ¶ 5, 116 N.M. 793, 867 P.2d 1175 (presuming "that [uniform jury] instructions are correct statements of law"). Defendant acknowledges that both this Court and our Supreme Court have concluded that, where the evidence at trial supports a theory of imperfect self-defense, the defendant is entitled to a voluntary manslaughter instruction. [MIO 11] Nevertheless, Defendant asserts that the voluntary manslaughter instruction does not provide a sufficient explanation of imperfect self-defense. [MIO 12] According to Defendant, the definition of provocation given to the jury "d[id] not accurately capture the elements of imperfect self-defense in New Mexico and d[id] not suffice to inform the jury of the existence of the defense" because it required the jury "to determine whether the defendant's response was proportional to the provocation at hand." [MIO 13-14]

**{6}** We disagree. Defendant's assertion on this point fails to recognize that our Supreme Court has clearly rejected the proposition that Defendant now proffers—that a theory of imperfect self-defense warrants a jury instruction distinct from voluntary manslaughter. *See State v. Abeyta*, 1995-NMSC-051, ¶ 17 n.4, 120 N.M. 233, 901 P.2d 164 ("Since 1917 this 'imperfect' self-defense has been adequately covered under our jury instructions on manslaughter. We see no reason to change our jury instructions to accommodate a new phrase covering a legal concept that has long been a part of New

Mexico law."), *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, ¶ 32 n.4, 122 N.M. 148, 921 P.2d 1266; *see generally State v. Henley*, 2010-NMSC-039, ¶ 24, 148 N.M. 359, 237 P.3d 103 (affirming *Abeyta*'s discussion of imperfect self-defense in the context of involuntary manslaughter). Moreover, insofar as Defendant's assertion of error functionally asks that we depart from our Supreme Court's precedent, we decline to do so. *See State v. Mares*, 2024-NMSC-002, ¶ 34, 543 P.3d 1198 (stating that the Court of Appeals is bound by New Mexico Supreme Court precedent). We therefore conclude that the district court did not err in failing to instruct the jury regarding imperfect self-defense, and accordingly, there was no fundamental error. *See Sivils*, 2023-NMCA-080, ¶¶ 10-11.

**{7}** Based on the foregoing, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{8}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**